UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
            v.                :     05 CR 1042-01(KMW)
                              :     Order
TERENCE MONROE                :
                              :
------------------------------x

WOOD, U.S.D.J.:

On May 4, 2007, the Court sentenced Defendant Monroe ("Defendant") to 70 months' imprisonment for conspiracy to distribute and possession with intent to distribute cocaine base ("crack"). The Court orders briefing on whether Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 706 to the Sentencing Guidelines.[1]

At Defendant's sentencing, the Court calculated that Defendant's base offense level was 34, and that his total offense level was 29. Because the Court found that Defendant had a criminal history category of I, Defendant's Guideline range was

---

[1] Amendment 706 reduced by two levels the base offense level applicable to certain crack offenses. Because the Sentencing Commission authorized Amendment 706 to be applied retroactively, the Court may, in its discretion, reduce an eligible defendant's term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. The Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) sua sponte. See 18 U.S.C. § 3582(c)(2); U.S.S.G. §1B1.10.

1

87-108 months. However, the Court sentenced Defendant to a non-Guideline sentence of 70 months' imprisonment, pursuant to United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a). Under the amended Sentencing Guidelines, Defendant's base offense level would be 32, and his total offense level would be 27. His Guideline range would be 70-87 months. Thus, Defendant's current sentence is at the bottom of his amended Guideline range.

Pursuant to the Sentencing Commission's policy statement, "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(B)(2). However, § 1B1.10(B)(2) also provides an exception to this general rule, stating that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, a further reduction generally would not be appropriate." In United States v. Reid, No. 06 Cr. 221, 2008 WL 2595189 (E.D. Wis. June 27, 2008), a district court held that U.S.S.G. § 1B1.10(B)(2) required the court to "focus on the reason(s) why the original sentence fell outside the guidelines." Id. at *6. "If the departure or variance failed to account for the crack/powder disparity, a further reduction would, if

2

otherwise consistent with the § 3553(a) and U.S.S.G. § 1B1.10 cmt. n. 1(B) factors, more likely be warranted. However, if at the time of the original sentencing the court accounted for the disparity, a further reduction based on the new crack guidelines may not be warranted." Id.

The Court notes that it always takes into account the applicable Guideline range when imposing a non-Guideline sentence, as required by 18 U.S.C. § 3553(a)(4). Furthermore, in accordance with United States v. Castillo, 460 F.3d 337 (2d Cir. 2006), the Court did not take into account any policy disagreement with the previous Guidelines' 100:1 crack/cocaine ratio when sentencing Defendant.[2] Thus, if the Court adopts the analysis in Reid, Defendant would be eligible for a sentence reduction, and the Court would have to consider whether a sentence reduction is warranted in light of the § 3553(a) factors and public safety considerations.

No later than October 1, 2008, the Government shall inform the Court of its position regarding Defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2). If the Government takes the position that Defendant is ineligible, then the Court will order briefing on this question. If the

---

[2] Based on facts set forth in Defendant's Pre-Sentence Report, the Court found that Defendant suffered "extraordinarily difficult conditions from the moment he was born," and that his "lack of guidance is truly extraordinary and not taken into account by the Sentencing Guidelines." See May 7, 2007 Judgment.

3

Government takes the position that Defendant is eligible, then the Court will order briefing on whether a sentence reduction is warranted in light of the § 3553(a) factors and public safety considerations.

SO ORDERED.

Dated: New York, New York
August 14, 2008

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

Copies mailed to:
AUSA John M. McEnany
Leonard Joy, Esq., Federal Defenders
Mr. Terence Monroe